UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

THORN W. HYPPOLITE,

    Plaintiff,

v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

    Defendant.

Civ. Action No. 2:17-cv-07841 (JMV)

**OPINION & ORDER**

**John Michael Vazquez, U.S.D.J.**

This matter comes before the Court on the motion of Defendant, the Acting Commissioner of Social Security, to dismiss the Complaint of Plaintiff Thorn W. Hyppolite for failure to timely file this action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g). D.E. 9. Plaintiff, who is proceeding *pro se*, filed a letter in opposition. D.E 11. The motion was decided without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. The Court has considered the parties' submissions and grants Defendant's motion to dismiss with prejudice.

**I. Background**

On May 28, 2013, Plaintiff filed an application for disability insurance benefits and supplemental security income. D.E. 10-1 at 5. The Commissioner denied the application at the initial level of administrative review and on reconsideration. *Id.* at 19, 28. Plaintiff then requested a hearing before an administrative law judge ("ALJ"), *id.* at 35, and the ALJ held a

hearing on July 31, 2015, *id.* at 40. In a December 23, 2015 opinion, the ALJ determined that Plaintiff was not disabled. *Id.* at 40. In response, Plaintiff sought review before the Appeals Council. *Id.* at 57.

On May 22, 2017, the Appeals Council denied Plaintiff's request to review the ALJ's decision. *Id.* at 57. The Appeals Council mailed its decision to Plaintiff at his home address and also copied Plaintiff's counsel.[1] *Id.* at 57, 60. The Appeals Council further advised Plaintiff that he could seek additional review by filing a complaint in the United States District Court, but warned Plaintiff that he had "60 days to file a civil action (as for court review)." *Id.* at 58, 59. The Appeals Council additionally apprised Plaintiff that "[t]he 60 days start the day after you receive this letter. We assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period." *Id.* at 59. The Appeals Council also notified Plaintiff as follows:

> If you cannot file for court review within 60 days, you may ask the Appeals Counsel to extend your time to file. You must have a good reason for waiting more than 60 days to ask for court review. You must make the request in writing and give your reasons in the request.

*Id.*

Taking the five-day presumption into account, Plaintiff had until July 26, 2015 to file his complaint with this Court. Plaintiff, however, filed his Complaint on October 6, 2017. D.E. 1. At the same time, Plaintiff sought to proceed *in forma pauperis*, which the Court granted. D.E. 2.

The Commissioner now moves for dismissal due to the late filing. In response, Plaintiff indicates that after he was unsuccessful before the Appeal Council, he was depressed and he "did

---

[1] Although he is currently proceeding *pro se*, Plaintiff was represented by counsel through the time of the Appeals Council determination.

2

not want to do anything"; his attorney also "dropped" him as a client. D.E. 11 at 1. Plaintiff did not think that he could file an appeal without an attorney, which he could not afford. *Id.* However, in "August or September" Plaintiff called "SSA," and a "clerk" informed him that he could still file a complaint even though the time to do so had "expired." *Id.*

## II. Legal Standard and Analysis

The Court has jurisdiction to review claims arising under the Social Security Act as provided in 42 U.S.C. §§ 405(g) and (h). Section 405(h) states as follows:

> No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

Section 405(g) in turn provides, in relevant part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced *within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow*.

42 U.S.C. § 405(g) (emphasis added).

Moreover, and as indicated in the Appeals Council notice to Plaintiff, "[a]bsent independent proof, the date of receipt is legally presumed to be five days after the date of notice." 20 C.F.R. § 416.1841. Plaintiff, thus, had sixty-five days to file a timely complaint. *See Oliveras v. Colvin*, 2016 WL 2757974, at *2 (D.N.J. May 12, 2016). Plaintiff does not dispute that he failed to do so.

In *Bowen v. City of New York*, the Supreme Court of the United States found that the sixty-day limitation "is a condition on the waiver of sovereign immunity and thus must be

3

strictly construed." 476 U.S. 467, 479 (1986). The Supreme Court, however, also "conclude[d] that application of a 'traditional equitable tolling principle' to the 60–day requirement of § 405(g) is fully 'consistent with the overall congressional purpose' and is 'nowhere eschewed by Congress.'" *Id.* at 480 (citing *Honda v. Clark*, 386 U.S. 484, 501 (1967)). The Third Circuit has indicated that equitable tolling can apply under the following circumstances: "(1) where the defendant has actively misled the plaintiff respecting the plaintiffs cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum." *Kramer v. Comm'r of Soc. Sec.*, 461 Fed. Appx. 167, 169 (3d Cir. 2012) (quoting *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1387 (3d Cir. 1994)).

Here, neither the first nor the third scenario is asserted. Instead, Plaintiff appears to be arguing "extraordinary" circumstances. However, Plaintiff's alleged reasons fall far short of establishing the extraordinary situation needed to support equitable tolling. Plaintiff does not deny that he personally received the May 22, 2017 notice from the Appeals Council nor does he claim that he received it within the presumed period of five days. Moreover, he does not assert that he did not understand the application of the 60-day period; to the contrary, he admits that when he later spoke with the "SSA clerk," he knew that his time to act had expired. Plaintiff also acknowledges that he did not contact the Social Security Administration until *after* the time for filing his complaint had passed. While he claims that he was "depressed" at losing before the Appeals Council and losing his attorney, he fails to establish that he could not have contacted the Social Security Administration in a timely fashion. Plaintiff does not provide any legal authority to support his position. However, because Plaintiff is proceeding *pro se*, the Court reviewed relevant Third Circuit decisions. Plaintiff's stated circumstances do not approach the threshold

4

necessary to establish the extraordinary circumstances that justify equitable tolling. *See, e.g., Kramer*, 461 Fed. Appx. At 169-70; *Raffinee v. Comm'r of Soc. Sec.*, 367 Fed. Appx. 379, 381 (3d Cir. 2010).

Therefore, the Court grants the Commissioner's motion to dismiss.

### III. Conclusion

For the reasons stated on the record, and for good cause shown,

It is on this 19th day of April, 2018,

**ORDERED** that Defendant's motion to dismiss is **Granted**; and it is further

**ORDERED** that this matter is **Dismissed with Prejudice**; and it is further

**ORDERED** that the Clerk's Office shall close this matter; and it is further

**ORDERED** that the Clerk's Office shall mail a copy of this Opinion and Order to Plaintiff by regular mail and by certified mail return receipt. **Plaintiff has 30 days from the date of this Opinion and Order to file an appeal with the Third Circuit Court of Appeals.**

_____
John Michael Vazquez, U.S.D.J.